Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| BAYAMÓN HOTEL COMPANY, LLC H/N/C HYATT PLACE BAYAMÓN & EL TROPICAL CASINO<br><br>RECURRENTE<br><br>V.<br><br>NEGOCIADO DE JUEGOS DE AZAR, COMISIÓN DE JUEGOS DEL GOBIERNO DE PUERTO RICO<br><br>RECURRIDOS | TA2026RA00229 | *Revisión Judicial de Decisión Administrativa* procedente de la Oficina de la Comisión de Juegos Gobierno de Puerto Rico<br><br>Caso Núm.<br><br>Sobre: Impugnación de determinación administrativa final |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, Juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 12 de mayo de 2026.

## I.

El 4 de mayo de 2026, Bayamón Hotel Company, LLC h/n/c Hyatt Place Bayamón & El Tropical Casino (parte recurrente) presentó digitalmente una *Solicitud de Revisión Judicial* en la que nos solicitó que revocáramos la *Carta* emitida y notificada el 27 de marzo de 2026, por el Negociado de Juegos al Azar (Negociado).[1] Mediante esta, el Negociado declaró concluido el proceso de mediación con relación a una deuda por créditos promocionales, sin que se lograra un acuerdo entre las partes. Por lo cual, el Negociado hizo constar que remitió el asunto a la División Legal de la Comisión de Juegos (Comisión), de conformidad con el Reglamento de Juegos de Azar, Reglamento Núm. 8640 del 9 de septiembre de 2015

---

[1] Véase entrada núm. 2 del apéndice de la entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

(Reglamento Núm. 8640), para que el asunto sea sometido ante un Oficial Examinador.

Junto al recurso, la parte recurrente presentó una *Urgente Solicitud de Paralización de los Efectos de Determinación Administrativa impugnada mediante Solicitud de Revisión Judicial.*[2]

El 5 de mayo de 2026, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de orden en auxilio de jurisdicción.[3]

Debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del Negociado.

**II.**

Según surge de las alegaciones en el recurso, la parte recurrida presentó ante la División de Juegos de Azar su sistema de controles internos (SOP 2017), de conformidad con el Reglamento Núm. 8640, *supra.* Indicó que, a través de dicho sistema, el casino puede otorgar puntos a clientes a través la tarjeta del club de jugadores, conforme a su actividad de juego y a promociones autorizadas. Mencionó que, la División de Juegos de Azar le aprobó el SOP 2017, tras determinar que cumplía con las normas mínimas del control interno establecidos en el Reglamento Núm. 8640, *supra.*

Empero, señaló que, posteriormente, recibió una *Notificación de Deuda* por parte del Director del Negociado. Inconforme, la parte recurre cursó una *Respuesta* ante la Comisión negando la existencia y validez de la deuda imputada. Según alegó, peticionó que se llevara

---

[2] Íd., entrada núm. 2 del expediente digital del caso en el SUMAC-TA.
[3] Íd., entrada núm. 3.

a cabo un procedimiento administrativo para que se adjudicara la validez, liquidez y exigibilidad de la deuda imputada.

Así las cosas, indicó que, en respuesta a la *Petición*, el Director del Negociado emitió una citación para celebrar una vista de mediación el 12 de septiembre de 2024 y que, el 13 de septiembre de 2024, se le notificó otra citación a vista de mediación para el 17 de octubre de 2024. Adviértase que, según alegó, entre los asuntos contenidos en la citación, se expresó que de las partes no llegar a un acuerdo, el Director del Negociado debía someter el caso ante un Oficial Examinador para su adjudicación.

Tras varios trámites procesales, el 23 de enero de 2026, la parte recurrente presentó una *Querella* ante la Comisión con el propósito de validar la legalidad de la emisión de créditos promocionales e impugnar y revocar la *Notificación de Deuda* por créditos promocionales que el Director del Negociado emitió en su contra. Luego, el 17 de marzo de 2026, la parte recurrente presentó una *Solicitud de Anotación de Rebeldía* contra el Negociado, al este no haber presentado contestación alguna a la *Querella* dentro del término reglamentario aplicable.

El 25 de marzo de 2026, la Comisión emitió una misiva en la cual hizo constar el recibo de la *Querella*, no obstante, por haber un procedimiento de mediación en proceso, la dio por prematura.

El 27 de marzo de 2026, el Director del Negociado emitió la *Carta* recurrida. En resumen, expuso que las partes no lograron un acuerdo en el proceso de mediación por lo que lo declaró por concluido. Consecuentemente, hizo constar que el asunto sería remitido a la División Legal, de conformidad con la Sección 12.3 del Reglamento Núm. 8640, *supra*, para que fuera sometido el caso ante un Oficial Examinador. Además, informó que, simultáneamente, el asunto sería remitido a la Oficina del Comisionado de Instituciones Financieras (OCIF) para que se actúe conforme a la ley. Por último,

agregó que, desautorizó indefinidamente el módulo de créditos promocionales del casino.

Insatisfecho, la parte recurrente presentó el recurso de epígrafe en el que formuló los siguientes señalamientos de error:

**Primer Señalamiento de Error: Erró el foro recurrido al emitir e implantar, mediante la *Carta impugnada* de 27 de marzo de 2026, una determinación administrativa final de carácter sustantivo y de aplicación inmediata, mediante la cual desautorizó indefinidamente el módulo de créditos promocionales del Casino y prohibió su emisión "a partir de este momento", bajo apercibimiento de sanciones, sin la celebración previa de un procedimiento adjudicativo y sin brindar a la parte recurrente una oportunidad real de ser oída, en violación al debido proceso de ley, a la Ley de Procedimiento Administrativo Uniforme y en exceso de la autoridad delegada al Director del Negociado.**

**Segundo Señalamiento de Error: Erró el foro recurrido al emitir la *Carta Impugnada* del 27 de marzo de 2026, toda vez que la desautorización de la emisión de créditos promocionales constituye una determinación administrativa sustantiva que equivale a una adjudicación de la controversia medular sobre la legalidad de dichos créditos y, por consiguiente, sobre la validez de la *Notificación de Deuda* imputada a BHC, tornando ilusorio cualquier procedimiento adjudicativo posterior.**

**Tercer Señalamiento de Error: Erró el foro recurrido al emitir la *Carta Impugnada* del 27 de marzo de 2026, toda vez que la determinación allí contenida es contraria a derecho, emitida en exceso del poder delegado y en incumplimiento del marco legal y reglamentario aplicable.**

### III.

### A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen

siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. **Fuentes Bonilla v. ELA,** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. **Mun. de San Sebastián v. QMC Telecom,** 190 DPR 652, 660 (2014).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. **Torres Martínez v. Torres Ghigliotty**, 175 DPR 83, 97 (2008), **Pueblo v. Santana Rodríguez**, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. **Rodríguez v. Zegarra**, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción.

**B.**

De otra parte, La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.* (LPAU) dispone que una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. **Simpson, Passalacqua v. Quirós, Betances**, 214 DPR 370, 378 (2024). Específicamente, la Sección 4.2 de la LPAU, *supra,* sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir

de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley (LPAU, *supra*, sec. 9655), cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Asimismo, la *Ley de la Judicatura*, Ley Núm. 201 de 22 de Agosto de 2003, según enmendada, 4 LPRA sec. 2 *et seq.*, dispone que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. Artículo 4.006(c) de la Ley Núm. 201-2003, *supra*, sec. 24y; véase, además, Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 80, R. 56; ***A.R.Pe. v. Coordinadora***, 165 DPR 850, 865-866 (2005).

Así pues, la disposición <u>final</u> de una agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. ***Bird Const. Corp. v. A.E.E.***, 152 DPR 928, 935-936 (2000); ***J. Exam. Tec. Méd. v. Elías, et al.***, 144 DPR 483 (1997).

### C.

La Compañía de Turismo aprobó el Reglamento Núm. 8640, *supra*, con el propósito de establecer todas las reglas y normas relativas a la operación de las salas de juegos de azar ubicadas en Puerto Rico. Sección 1.4 del Reglamento 8640.

En lo pertinente, el Artículo 12 del aludido Reglamento establece el procedimiento para la solución de controversias. De ordinario, el procedimiento adjudicativo sobre cualquier controversia relacionada a juegos de azar se rige por este

Reglamento. La Sección 12.2 del Reglamento Núm. 8640, supra, dispone que, la Compañía podrá celebrar una vista de mediación para promover que las partes lleguen a un acuerdo sin necesidad de llevar a cabo procedimientos ulteriores. Esto, con el propósito de alentar la solución informal de las controversias, de una forma mas rápida, justa y económica para las partes. Íd.

Ahora bien, si las partes no logran un acuerdo, el Director de la División de Juegos de Azar someterá el caso a un oficial examinador dentro de un término no mayor de diez (10) días después de concluida la vista de mediación para su adjudicación. Sección 12.3(A) del Reglamento Núm. 8640.

**IV.**

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, corresponde desestimar el presente recurso, por falta de jurisdicción.

En este caso, la *Carta* no es una determinación final, pues la misma alude a que culminó, sin acuerdo entre las partes, un proceso de mediación. Por lo que, la propia misiva notificó de que remitirían el asunto ante un Oficial Examinador, de conformidad con el Reglamento Núm. 8640, *supra*. Quiere decir que, el proceso administrativo no ha concluido, además de que, la *Carta* no constituye una decisión final de la agencia.

Ante ese escenario, nos vemos impedidos de considerar los planteamientos del recurrente. La determinación recurrida no es final por lo que no es revisable, en esta etapa de los procedimientos. Se trata de una determinación interlocutoria en el trámite administrativo sobre la cual no tenemos jurisdicción para intervenir.

**V.**

Por los fundamentos expuestos, se *desestima* el recurso de revisión judicial.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones